UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Stephen T. Waltower, | ) | CASE NO. 4:12cv2036 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| Warden Farley, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Stephen T. Waltower filed the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner is an inmate confined in the Federal Correctional Institution in Elkton, Ohio and names F.C.I. Elkton Warden Robert Farley as Respondent.[1] Waltower seeks the restoration of 41 days good credit time (GCT) forfeited as a result of a prison disciplinary conviction.

BACKGROUND

On April 13, 2011, a staff officer at the Federal Correctional Center in Terre Haute, Indiana was conducting a shakedown of Petitioner's unit, named S08. Within the unit, Petitioner was housed in Cell 4 with six other prisoners in four sets of bunk beds. During the officer's search of the cell, he noticed unidentified clothing on a wall hanger positioned between bunks numbers 23

---

[1] Robert Farley is the former warden at F.C.I. Elkton. The current warden is Joe Coakley.

1

and 24. The beds for those two bunks were assigned to Petitioner and two other inmates. The officer removed the hanger from the wall to reveal two separate holes, three inches in diameter, knocked into the cinder block wall. The holes contained one radio headset, four cellular telephone headsets and two cellular telephone chargers.

An incident report was issued on April 14, 2011. Waltower was charged with "Conduct Which Disrupts the Security of the Institution, Most Like a Possession of Hazardous Tool" and destruction of government property in violation of Bureau of Prisons Codes 199 and 329. A copy of the report was delivered to Petitioner on the same date it was issued.

A hearing was held before a Disciplinary Hearing Officer (DHO) on June 2, 2011. Petitioner requested representation from a staff member who stated that he reviewed the packet and believed Waltower was afforded due process. No further evidence was provided by the representative to mitigate the charges against Waltower.

Petitioner denied the charges at the DHO hearing. He argued the area in which the contraband was discovered was a "common area." As such, he maintained anyone would have access to the location and protested any blame assigned to him without further evidence. Waltower also noted he had only been assigned that cell 72 hours in advance of the officer's discovery. He pointed out that the previous cell inhabitants were caught with contraband.

The DHO considered the staff officer's explanation, the Petitioner's statement, the Staff Representative's statement, and photographic evidence of the holes in the wall. From this the DHO concluded Waltower possessed the contraband. Acknowledging that the space in which it was found was not Petitioner's personal space, the DHO still noted it was a common area between the assigned bunks of the three inmates. Moreover, she believed "it is unlikely that an inmate from another area would place these items in a hole in someone else's living space without their knowledge. … [and that] these items are only useful if the inmate that owns them can readily access

2

them for use." (Doc. No. 1-3 at 21.) Because all three inmates denied ownership of the contraband the DHO held all three inmates equally responsible.

Waltower was found in violation of BOP Codes 199 and 329. The DHO determined that a cellular telephone device is hazardous tools because it can be used in an escape attempt or a means through which contraband can be brought into the prison. As such, she sanctioned Petitioner with the loss of 30 days disciplinary segregation, 90 days commissary restriction, 180 days telephone restriction, recommended a disciplinary transfer and the loss of 41 days GCT. It is only the restoration of GCT that he is seeking from this Court. Petitioner fully exhausted his administrative remedies before filing his Petition before the Court.

## DISCUSSION

### A. Initial Review

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970) (citations omitted), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

### B. 28 U.S.C. § 2241

Writs of habeas corpus may be granted by this Court, within its respective jurisdiction, if a prisoner claims he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241. This includes claims seeking to challenge the BOP's execution or manner in which a prisoner's sentence is served, as long as it is filed in the court having jurisdiction over the prisoner's custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United*

3

*States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

When Petitioner filed this action, the Court had personal jurisdiction over his custodian, Respondent Warden at F.C.I. Elkton. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (for purposes of habeas statute, a petitioner need only be "in custody" at the time the petition was filed). Thus, the matter was properly filed in this Court.

### C. Restoration of Good Time Credit

Habeas corpus jurisdiction is available under § 2241 when a prisoner claims he has been denied good time credits without due process of law. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Thus, when a prisoner faces the loss of good time credits, due process requires he or she receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Waltower received all due process protections required by *Wolff*. He claims there was no written statement from the fact finder setting forth what evidence she relied on to support her findings. Petitioner maintains this position because there was no evidence he had exclusive access to the area in which the contraband was discovered. Waltower notes further that the DHO admitted the contraband was not found in Petitioner's "personal space." He believes this disclosure, alone, provides sufficient proof that he should not be held personally responsible for possessing contraband. The record reveals, however, that Waltower: 1) was advised of the charges and of his rights more than twenty-four hours before his appearance before the DHO 2) was given the opportunity to call witnesses; 3) was given the right to be assisted at the hearing by a staff

4

representative; 4) was advised in writing of the DHO's findings, the specific evidence relied upon, and the reasons for the sanctions imposed; and 5) was advised of his right to appeal the sanctions. Thus, he cannot claim he was not provided a written statement of the charges against or the DHO's reason for finding he violated prison code. Petitioner claims the DHO's findings are based on his "constructive possession" of contraband. Citing "Clark v. Ventre, No. 2003-cu-275," Waltower argues that "simply being in an area where an object is found with nothing more is arbitrarily insufficient."[2] (Doc. No. 1-1 at 13.) He concludes the DHO failed to find sufficient evidence he violated prison code because there is no rule against "constructive possession" in the BOP's administrative codes.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A district court is not permitted to re-weigh the evidence presented to the DHO. *Id.* at 455. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, *id.* at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

The record reveals the DHO relied on the staff officer's written statement recounting the shakedown he performed on April 13, 2011. In addition, the DHO considered Petitioner's statement, photographic evidence of the contraband found in the wall of a common area Waltower shared only with two other inmates--- who all denied ownership of the contraband. Although it is clear Waltower disagrees with the DHO's findings, he cannot ignore the facts the DHO did consider.

Contrary to Petitioner's conclusions, a determination of his "*mens rea*" was not required before the DHO could determine he committed a prohibited act. While due process prohibits

---

[2] The Court was unable to find a citation to any federal case, reported or unreported, that is captioned "Clark v. Ventre."

5

excessively vague laws, prison regulations do not require the degree of specificity required for laws applicable to free citizens. *See El–Amin v. Tirey,* 817 F. Supp. 694, 701 (W.D. Tenn.1993). The Sixth Circuit has rejected the view that the degree of specificity required for prison regulations is as strict as ordinary criminal sanctions. *See Wolfel v. Morris,* 972 F.2d 712, 717 (6th Cir. 1992) (stating that it is nearly impossible for prison authorities to anticipate, through narrowly drawn regulations, every conceivable form of misconduct which threatens prison security). Therefore, Petitioner cannot hold the DHO to a standard she was not required to meet.

Although the evidence in this case might be characterized as meager, and there was no direct evidence any one of the three inmates placed the contraband in the wall, the record is not so devoid of evidence that the findings of the DHO were without support or otherwise arbitrary. *Hill*, 472 U.S. at 457. Instead, the DHO found the contraband was concealed in an area readily accessible to Petitioner and his two bunk mates. Moreover, the DHO considered the type of materials the staff officer uncovered and found it was more likely than not that whoever hid the telephone accessories would warrant the necessity of easy access. This suggests "some evidence" the Petitioner or his bunk mates were responsible for placing the telephone chargers and headsets behind a hanger located on the wall between their two bunk sets. Because each inmate is responsible for his own area and each inmate had easy access to the hidden area in which the telephone accessories were discovered, some evidence existed to find Petitioner responsible for disruptive conduct and destruction of government property.

Conclusion

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**So Ordered.**

s/Jeffrey J. Helmick<br>
*United States District Judge*

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."